GREENPEACE USA, a California non-profit corporation; Stichting Greenpeace Council, sometimes known as Greenpeace International, a not-for-profit stichting incorporated in the Netherlands; Institute for the Advancement of Hawaiian Affairs, a Hawaii non-profit corporation; World Council of Indigenous Peoples—Hawaii, a Hawaii non-profit corporation; and Wal-

ter Keli Iokekai Paulo, an individual, Plaintiffs–Appellants,

v.

Michael P. STONE, Secretary of the Army; Richard Cheney, Secretary of the Department of Defense, Defendants–Appellees.

No. 90–16260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 1991.

Decided Feb. 5, 1991.

Paul P. Spaulding, III, Sierra Club Legal Defense Fund, Inc., Honolulu, Hawaii, for plaintiffs-appellants.

Ann Peterson, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before: CHOY, SCHROEDER and PREGERSON, Circuit Judges.

ORDER

Plaintiffs filed this action in the district court in Hawaii to halt the contemplated removal from Germany of obsolete chemical weapons ("the European stockpile") and their transfer to Johnston Atoll for destruction. Plaintiffs alleged non-compliance with the National Environmental Policy Act, 42 U.S.C. §§ 4331 *et seq.* This is an appeal from the district court's denial of plaintiffs' application for a preliminary injunction to "restrain the defendants from further movement of the chemical weapons currently located in the Federal Republic of Germany pending the trial of this case." The district court's opinion is reported at 748 F.Supp. 749 (D.Hawaii 1990). A motions panel of this court denied emergency relief and calendared the appeal for expedited review. Before briefing could be completed, however, the munitions were moved from Germany to Johnston Atoll where they are now stored.

The government now correctly contends in this appeal that all of the issues relating to the transfer of the munitions are moot. The district court's consideration of the motion for preliminary injunction entailed review of unique circumstances, and the plaintiffs have been able to seek review on at least an emergency basis. Accordingly this is not a case involving a recurring situation that would evade review within the meaning of *Southern Pacific Terminal Co. v. Interstate Commerce Comm'n.,* 219 U.S. 498, 515, 31 S.Ct. 279, 283–84, 55 L.Ed. 310 (1911).

Plaintiffs' underlying complaint is directed not only to the transportation but also to the proposed incineration of the munitions at Johnston Atoll. The district court has not yet fully considered the issues relating to destruction, but counsel for the government has represented that the European stockpile will not be destroyed until the district court has considered the merits of plaintiffs' complaint.

This appeal is therefore DISMISSED as moot.