977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EVERGREEN INTERNATIONAL AIRLINES, INC., an Oregon
Corporation; Evergreen Ventures, Inc., an Oregon
corporation, Plaintiffs-Appellees,
v.
PAN AMERICAN WORLD AIRWAYS, INC., a foreign corporation,
Defendant-Appellant.
 No. 91-35645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Oct. 21, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pan American World Airways, Inc. (Pan Am), a Chapter 11 debtor-in-possession before the district court, appeals the district court's preliminary injunction ordering Pan Am to turn over to Evergreen International Airlines, Inc. and Evergreen Ventures, Inc. (collectively Evergreen) 7 aircraft frames and 28 engines and to escrow $3,000 per hour for commercial use of Evergreen's property. Because we find the issues surrounding the district court's preliminary injunction to be moot, we dismiss Pan Am's appeal.
 
 
 3
 The Bankruptcy Code allows an aircraft financer to recover property it has leased to an airline according to the terms of the lease if the debtor has defaulted and does not cure. 11 U.S.C. § 1110. Because of its default and lack of cure, Pan Am had to return Evergreen's aircraft frames and engines. Before the district court, the parties clashed over how the frames and engines would be returned to Evergreen, not whether Evergreen was entitled to them. Evergreen now has possession of all 7 frames and 28 engines.
 
 
 4
 The district court also ordered Pan Am to escrow $3,000 per hour for commercial use of Evergreen's planes. On September 10, 1991, Pan Am and Evergreen consensually disposed of the escrow account.
 
 
 5
 The district court rendered no judgment on Pan Am's tort counterclaims.
 
 
 6
 Mootness is an element of justiciability, and we have a duty to consider it sua sponte. We have no jurisdiction to hear a case in which events have occurred that prevent us from granting effective relief. Canez v. Guerrero, 707 F.2d 443, 446 (9th Cir.1983). We do not review a preliminary injunction to decide questions not yet fully considered by the district court. See Greenpeace USA v. Stone, 924 F.2d 175, 176 (9th Cir.1991).
 
 
 7
 There is no longer an escrow account. Evergreen indicates that it has its frames and engines. Pan Am contends only that Evergreen wrongfully obtained possession of the frames and engines, not that Pan Am is still entitled to possession despite its default and lack of cure. The district court's injunction does not dispose of Pan Am's tort counterclaims, which Pan Am still may pursue before the district court if it so chooses. We see no effective relief we can grant.
 
 
 8
 We decline to advise Pan Am about the merits of its tort counterclaims. Big Country Foods v. Board of Educ., 868 F.2d 1085, 1087-88 (9th Cir.1989).
 
 
 9
 Pan Am's appeal is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3